**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-3385

_____

ALICIA ANDERSON,

Appellant

v.

SUPERIOR COURT OF THE STATE OF DELAWARE, (New Castle County);
SUPREME COURT OF THE STATE OF DELAWARE, (Kent County); ALL JUDGES
IN THE STATE OF DELAWARE, State of Delaware

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:25-cv-00834)
District Judge:  Honorable Jennifer L. Hall

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2026
Before:  HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed May 8, 2026)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alicia Anderson, proceeding pro se and in forma pauperis ("IFP"), appeals from the United States District Court for the District of Delaware's order dismissing her complaint. Because we agree that Anderson's claims are barred by immunity, we will affirm.

Anderson filed an IFP complaint, alleging the Superior Court of Delaware, the Supreme Court of Delaware, and "all judges in the State of Delaware" caused her "emotional distress, possible fraud – definitely the opportunity for identity theft, etc." ECF Doc. No. 3 at 7. She sought monetary and injunctive relief. These claims appear to stem from the dismissal of cases she filed in Delaware state courts in 2024 and 2025. The District Court screened and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2), holding that the defendants are entitled to absolute immunity.[1] Anderson appeals.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the dismissal. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Even under the liberal construction afforded to pro se litigants, *see Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013), Anderson's allegations fail to state a claim upon which relief can be granted.[2]

---

[1] The District Court also ruled on several motions that Anderson had filed. Because Anderson does not challenge those rulings in her brief, we do not consider them. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (holding claims forfeited where no support provided in brief or reply.).

[2] To the extent Anderson raises new claims for the first time on appeal, we will not

2

Anderson is not eligible for monetary relief that she seeks against the individual defendants because they are entitled to absolute immunity for such claims. *Larsen v. Senate of Pa.*, 152 F.3d 240, 249 (3d Cir. 1998). A judge is immune from suits for money damages unless the challenged actions were not taken in their judicial capacity or were taken in the complete absence of all jurisdiction. *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). A judicial act or omission is still taken in a judicial capacity even if it "was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Anderson has not alleged any facts suggesting the defendants acted outside this broad scope.

Although "absolute judicial immunity extends only to claims for damages," *Larsen*, 152 F.3d at 249, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Anderson has not asserted facts to show that either of these exceptions applies. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (holding that injunctive relief is available in this context only if a declaratory decree was violated, or if declaratory relief is unavailable).

---

consider them. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

Anderson's claims against the Superior Court of Delaware and Supreme Court of Delaware are barred by Eleventh Amendment immunity. Specifically, Anderson seeks to sue these Delaware courts within the Delaware judiciary system, which are considered "arms of the state," entitling them to Eleventh Amendment immunity. *See* Del. Const. art. IV § 1; *see generally Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239–40 (3d Cir. 2005). Delaware has not waived its Eleventh Amendment immunity, *see Robinson v. Danberg*, 729 F. Supp. 2d 666, 675 (D. Del. 2010), nor has Congress abrogated the state's immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, dismissal was proper as to Anderson's claims against these defendants.

Accordingly, we will affirm the judgment of the District Court.